UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY B. HOWELL,

    Petitioner,

v.

ADAM DOUGLAS,

    Respondent.
_____/

Case No. 23-cv-10996

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DIRECTING PETITIONER TO AMEND OR SUPPLEMENT THE PETITION FOR A WRIT OF HABEAS CORPUS

### I. INTRODUCTION

Petitioner Corey B. Howell ("Howell" or "Petitioner") is currently in the custody of the Michigan Department of Corrects and confined at the Saginaw Correctional Facility in Freeland, Michigan. *See* ECF No. 1, PageID.1. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Howell was convicted after a jury trial of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e), for which he was sentenced to a term of thirty-five to eighty years of incarceration. *See id.* at PageID.1.

Because the petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases, the Court is unable to screen it as required by Rule 4. Rather than dismiss the petition, the Court will direct Petitioner to amend or supplement the petition to correct its deficiencies.

## II. Background

Howell was convicted in the Third Circuit Court on three counts of first-degree criminal sexual conduct (CSC-I), MICH. COMP. LAWS §750.520b(1)(e) and (f). He was sentenced as a habitual offender, fourth, to thirty-five to eighty years in prison. *People v. Howell*, No. 352535, 2021 WL 2025235, at *1 (Mich. Ct. App. May 20, 2021). The state court of appeals summarized the facts of his case as follows:

> Howell's convictions arise from the sexual assault of 15-year-old FH in December 2006. Howell was 22 years old at the time. FH had voluntarily joined Howell, his sister Tracey Howell, and their friend Norman at Tracey's apartment to drink alcohol and listen to music. FH testified that she fell asleep on Tracey's bed, but awoke to Howell pulling off her pants. FH told him to stop, but he instructed her to shut up, showed her a gun, and demonstrated that the gun was loaded. Howell then forcibly penetrated her vagina with his penis, forced her to put his penis in her mouth, and then penetrated her vagina with his penis again. FH recounted that she had substantial vaginal bleeding as a result of the assault. She also recalled that Howell made her urinate in a closet when, during the assault, she told him she had to go to the bathroom.
>
> Later that night, Norman and Howell drove FH to her friend's house. FH told a man who lived with her friend what happened, and the next

> morning she disclosed the sexual assault to a family friend, who notified the police. FH was transported to the hospital by ambulance and underwent a rape-kit examination.
>
> In February 2007, Howell was charged with both CSC-I and third-degree criminal sexual conduct (CSC-III). However, FH failed to appear for Howell's preliminary examination and the charges were dismissed without prejudice. In 2016, the Wayne County Prosecutor's Office Rape Kit Task Force reopened the investigation and charges were refiled. As indicated above, the jury found Howell guilty of three counts of CSC-I.

*Howell*, 2021 WL 2025235, at *1.

According to the state court of appeals' opinion, Howell raised six issues in his direct appeal: 1, erroneous admission of other acts evidence; 2, prearrest delay; 3, speedy trial violation; 4, erroneous denial of a request for a lesser-offense jury instruction; 5, erroneous denial of a motion for directed verdict; and 6, errors in the Presentence Investigation Report (and a related claim of ineffective assistance of trial counsel). The court affirmed Howell's convictions and sentence. *Howell*, 2021 WL 2025235, at *1. The Michigan Supreme Court denied leave to appeal and a motion for reconsideration. *People v. Howell*, 509 Mich. 1072, 975 N.W.2d 479 (2022), *reconsid. den.*, 978 N.W.2d 823 (Mich. 2022).

Howell filed his habeas petition on April 21, 2023, using the Court's standard form for petitions brought under 28 U.S.C. § 2254. (ECF No. 1.) The petition contains the following four grounds for relief:

3

    I.      DEFENDANT-APPELLANT COREY BERNARD HOWELL WAS DENIED A FAIR TRIAL WHEN THE TRIAL COURT ERRONEOUSLY ALLOWED THE PROSECUTOR TO INTRODUCE OTHER-ACTS…..

    II.      DEFENDANT-APPELLANT HOWELL'S MOTION TO DISMISS THIS CASE FOR PREARREST DELAY SHOULD HAVE BEEN GRANTED.

    III.      DEFENDANT-APPELLANT COREY BERNARD HOWELL WAS DENIED A FAIR TRIAL BECAUSE THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE DENIED THE….

    IV.      THE TRIAL COURT REVERSIBLY ERRED IN DENYING DEFENDANT-APPELLANT COREY BERNARD HOWELL'S MOTION FOR DIRECTED VERDICT ON THE CHARGES OF ………..

ECF No. 1, PageID.5, 7, 8, 10 (alterations in original). Under the "Supporting facts" portions of the form for each claim, the petition refers to the "MICOA Appellant-Brief Statement of Facts and Issue[s]," followed by specific page number references. *Id.* at PageID.5, 7, 8, 10.

    However, Howell did not include the appellate brief that he cites for support. Likewise, Howell states the opinions of the Michigan Court of Appeals and Michigan Supreme Court were attached, but they were not filed with the Petition. *See id.* at PageID.2-3. Instead, the petition contains only the completed form.

    Howell's request for relief includes not only the grant of a writ of habeas corpus, but the appointment of counsel, an evidentiary hearing, and expansion of the

record. *Id.* at PageID.14. He also asks that the Michigan Attorney General "supply this Court with proceeding[s] from any CPS investigation regarded by State law to avoid any *Brady* claims in this case." *Id.* (italics added).

### III. LAW & ANALYSIS

**A. Legal Standard**

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rules Governing Section 2254 Cases, Rule 4). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A habeas petition may also be summarily dismissed if it does not "set forth facts that give rise to a cause of action under federal law." *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).

Among other requirements, Rule 2 of the Rules Governing § 2254 Cases (hereinafter "Rule 2") directs a habeas petitioner to specify all pertinent grounds for relief and the facts supporting each ground. 28 U.S.C. foll. § 2254; Rules Governing Section 2254 Cases, Rule 2(c)(1), (2); *see also Mayle v. Felix*, 545 U.S. 644, 649

5

(2005) (noting that Rule 2(c) "requires a more detailed statement" than Federal Rule of Civil Procedure 8) *Flood v. Phillips*, 90 F. App'x 108, 113 (6th Cir. 2004) ("Rule 2(c) requires a habeas petition to specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and set forth in summary form the facts supporting each of the grounds thus specified." (citation and internal quotation marks omitted)).

The Sixth Circuit disapproves of ordering a response to a habeas petition "until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id*. at 141. No response to a habeas petition "is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without need for consideration of a response." *Id*.; *see also* 28 U.S.C. § 2243.

### B. Discussion

The petition does not comply with the requirements of Rule 2(c), and it is thus legally insufficient. Because the petition was not completed correctly, the Court cannot determine whether it lacks merit on its face, or whether Respondent should be ordered to file an answer and Rule 5 materials.

Rule 2(c) directs a habeas petitioner to "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground . . . ." 28 U.S.C. foll. § 2254; Rules Governing Section 2254 Cases, Rule 2(c). While some of Petitioner's grounds are spelled out in sufficient detail to comply with the Rule, others are incomplete. For instance, Ground Three charges the trial court with reversible error without naming the specific decision Petitioner is challenging. *See* ECF No. 1, PageID.8 (Petitioner "WAS DENIED A FAIR TRIAL BECAUSE THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE DENIED THE….").

Moreover, Petitioner provided no supporting facts as required by Rule 2(c)(2). The petition consistently refers the Court to Petitioner's appellate brief in the Michigan Court of Appeals, with page citations. However, Petitioner failed to attach the brief.

A respondent who has been directed to answer a habeas petition must, in addition to filing an answer, also provide the Court with the pertinent appellate briefs, opinions, and proceeding transcripts. 28 U.S.C. foll. § 2254; Rules Governing Section 2254 Cases, Rule 5(c), (d). If Petitioner is relying on Rule 5 materials to supplement his petition (specifically, to provide the missing appellate brief), that reliance is misplaced. As explained above, the Court may not order a response until after it has "first has made a careful examination of the petition."

*Allen*, 424 F.2d at 140.  The Court cannot make such an examination of this petition because of its significant omissions.  It would therefore be inappropriate to order an answer and Rule 5 materials from Respondent.

Where a court "is unable to discern the nature of Petitioner's habeas claims[,] the Court has no way to ascertain the errors of fact or law that may be raised in Petitioner's filing [and] the petition is subject to dismissal." *Edwards v. Johns*, 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006) (citing *McFarland*, 512 U.S. at 856).  So it is here: the Court cannot determine what errors of fact or law might entitle Petitioner to habeas corpus relief.  The petition does not comply with the requirements of Rule 2(c), and pursuant to Rule 4, may be dismissed.

However, under Rule 15 of the Federal Rules of Civil Procedure, the Court has the discretion to order Petitioner to amend or supplement his petition.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"); Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading . . . [and] may permit supplementation even though the original pleading is defective in stating a claim or defense.").  In lieu of dismissal, the Court concludes Petitioner should be provided the opportunity to amend or supplement his Petition.

Accordingly, if Petitioner wishes to proceed with his habeas petition, he must take one of the following two actions so his petition may be properly examined as required under Rule 4:

1. Petitioner may submit an amended petition that recites his grounds in full and provides the supporting facts on which each ground relies; or

2. He may supplement his petition with the appellate brief to which his original petition cites.

In either case, Petitioner is responsible for complying with the requirements of the Rules Governing Section 2254 Cases, especially those controlling the contents of habeas petitions.

### IV. CONCLUSION

For the reasons articulated above **IT IS HEREBY ORDERED** that Petitioner is **ORDERED** to amend and/or supplement the petition for a writ of habeas corpus within **sixty (60) days** of this order to correct the deficiencies identified above. Petitioner is **ADVISED** that failure to file an amended petition or supplemental pleading in the time ordered may result in dismissal of the case.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 17, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager