UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY B. HOWELL,

Petitioner,                                    Case No. 2:23-cv-10996

v.                                      U.S. DISTRICT COURT JUDGE
                                           GERSHWIN A. DRAIN
ADAM DOUGLAS,

Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Corey B. Howell (Petitioner), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, is serving a sentence as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 35 to 80 years' imprisonment for his jury-based convictions of three counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b(1)(e) and (f). On April 28, 2023, Petitioner filed a petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254. The petition raises five claims concerning evidentiary error, pre-arrest delay, instructional error, sufficiency of the evidence, and inaccuracies in the pre-sentence investigation report. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed in forma pauperis on appeal.

## I.    BACKGROUND

The following facts as recited by the Michigan Court of Appeals are presumed correct on habeas review. *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009); 28 U.S.C. § 2254(e)(1):

> Howell's convictions arise from the sexual assault of 15-year-old FH in December 2006. Howell was 22 years old at the time. FH had voluntarily joined Howell, his sister Tracey Howell, and their friend Norman at Tracey's apartment to drink alcohol and listen to music. FH testified that she fell asleep on Tracey's bed, but awoke to Howell pulling off her pants. FH told him to stop, but he instructed her to shut up, showed her a gun, and demonstrated that the gun was loaded. Howell then forcibly penetrated her vagina with his penis, forced her to put his penis in her mouth, and then penetrated her vagina with his penis again. FH recounted that she had substantial vaginal bleeding as a result of the assault. She also recalled that Howell made her urinate in a closet when, during the assault, she told him she had to go to the bathroom.
>
> Later that night, Norman and Howell drove FH to her friend's house. FH told a man who lived with her friend what happened, and the next morning she disclosed the sexual assault to a family friend, who notified the police. FH was transported to the hospital by ambulance and underwent a rape-kit examination.
>
> In February 2007, Howell was charged with both CSC-I and third-degree criminal sexual conduct (CSC-III). However, FH failed to appear for Howell's preliminary examination and the charges were dismissed without prejudice. In 2016, the Wayne County Prosecutor's Office Rape Kit Task Force reopened the investigation and charges were refiled. As indicated above, the jury found Howell guilty of three counts of CSC-I.

*People v. Howell*, No. 352535, 2021 WL 2025235, at *1 (Mich. Ct. App. May 20, 2021) (unpublished).

A Wayne County jury convicted Petitioner of three counts of CSC-I.  *Id.* The trial court sentenced him as a fourth-offense habitual offender to concurrent terms of 35 to 80 years' imprisonment. ECF No. 15-16, PageID.1474. Petitioner filed an appeal as of right in the Michigan Court of Appeals, raising the following claims:

I.   Defendant-Appellant Corey Bernard Howell was denied a fair trial when the trial court erroneously allowed the prosecutor to introduce other-acts to show a common scheme or plan under MRE 404(B).

II.   Defendant-Appellant Howell's motion to dismiss this case for prearrest delay should have been granted.

III.   Defendant-Appellant Corey Bernard Howell was denied a fair trial because the trial judge committed reversible error when he denied the request to include an instruction on the lesser included charge of 3rd degree criminal sexual conduct.

IV.   The trial court reversibly erred in denying Defendant-Appellant Corey Bernard Howell's motion for directed verdict on the charges of 1st degree criminal sexual conduct because there was insufficient evidence to support these charges.

V.   Defendant-Appellant Howell's objections to certain prejudicial statements in the presentence report should have been granted. In the alternative, Defendant-Appellant was denied the effective assistance of counsel because this court appointed attorney failed to request an evidentiary hearing regarding these prejudicial statements.

ECF No. 15-18, PageID.1733.

3

Petitioner also filed his own pro se Standard 4 brief, which raised the following additional claim that: "Defendant was denied his right to a speedy trial." ECF No. 15-18, PageID.1700–01.

On May 20, 2021, the Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished per curiam opinion. *Howell*, 2021 WL 2025235, at *7. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On June 29, 2022, the court denied the application on the basis that it was not persuaded that the questions presented should be reviewed. *People v. Howell*, 509 Mich. 1072, 975 N.W.2d 479 (2022). The Michigan Supreme Court denied reconsideration of its decision on September 6, 2022. *People v. Howell*, 510 Mich. 878, 978 N.W.2d 823 (2022).

On April 28, 2023, Petitioner filed the present habeas petition, which the Court understands raises the following claims:

I.    Defendant-Appellant Corey Bernard Howell was denied a fair trial when the trial court erroneously allowed the prosecutor to introduce other-acts to show a common scheme or plan under MRE 404(B).

II.   Defendant-Appellant Howell's motion to dismiss this case for prearrest delay should have been granted.

III.  Defendant-Appellant Corey Bernard Howell was denied a fair trial because the trial judge committed reversible error when he denied the request to include an instruction on the lesser included charge of 3rd degree criminal sexual conduct.

IV.    The trial court reversibly erred in denying Defendant-Appellant Corey Bernard Howell's motion for directed verdict on the charges of 1st degree criminal sexual conduct because there was insufficient evidence to support these charges.

V.    Defendant-Appellant Howell's objections to certain prejudicial statements in the presentence report should have been granted. In the alternative, Defendant-Appellant was denied the effective assistance of counsel because this court appointed attorney failed to request an evidentiary hearing regarding these prejudicial statements.

ECF No. 1, PageID.5–11, ECF No. 8, PageID.58.

Respondent filed an answer contending that the petition should be denied because the claims lack merit. Petitioner filed a reply.

## II.   STANDARD OF REVIEW

This habeas petition is reviewed under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). The following standard of review for habeas cases is imposed by 28 U.S.C. § 2254(d), as amended by the AEDPA:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case[.]" *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

## III.   DISCUSSION

### A. MRE 404(b) Evidence

Petitioner first argues that the trial court improperly admitted evidence of other wrongful acts in violation of Michigan Rule of Evidence 404(b).  Specifically, Petitioner challenges the prosecution's introduction of his 2011 CSC-II conviction.

The Michigan Court of Appeals concluded that the conviction was properly admitted under Mich. Comp. Laws § 768.27a, which permits the admission of evidence, in a criminal case such as Petitioner's, showing that "the defendant committed another listed offense against a minor[.]" *Howell*, 2021 WL 2025235, at *1–*2. The court determined that "CSC-I and CSC-II… both qualify as "listed offenses" for purposes of MCL 768.27a." *Id*. at *2. The court further determined that both crimes involved sexual acts against a minor as required by the statute. *Id*. The court additionally found that the conviction was admissible under the Michigan Rule of Evidence 403 balancing test.

Here, there is no merit in Petitioner's claim that the "other acts" evidence was improperly introduced under Michigan Rules of Evidence 404(b), 403 or Mich. Comp. Laws § 768.27a because the alleged violation of state law is not a cognizable claim on federal habeas corpus review.  *Hall v. Vasbinder*, 563 F.3d 222, 239 (6th Cir. 2009); *Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001). "[A] federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[S]tate-court

evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). Petitioner concedes that this portion of his claim is non-cognizable. *See* ECF No. 17, PageID.2153.

To the extent that Petitioner's claim implicates due process protections, the Supreme Court has declined to hold that the admission of "other acts" evidence is so extremely unfair that it violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352–53 (1990). The Court has discussed when other-acts testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), but has not addressed the issue in constitutional terms. Such matters are more appropriately addressed in codes of evidence and procedure than under the Due Process Clause. *See Dowling*, 493 U.S. at 352. Moreover, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no "clearly established federal law" to which the state court's decision could be "contrary" within the meaning of § 2254(d)(1). *See id*. at 513. Accordingly, the Court must deny habeas relief on this claim.

### B. Prearrest Delay

In his second claim, Petitioner argues that he was denied a fair trial due to the pre-arrest delay. In 2017, Petitioner raised this argument in a motion to dismiss before the trial court. ECF No. 15-4. The court granted the motion and dismissed the case with prejudice, concluding that the long gaps in filing the case prejudiced the defense. ECF No. 15-4, PageID.257. The prosecution appealed. The Court defers to the Michigan Court of Appeals' summary of the relevant facts giving rise to this claim:

> Defendant was originally charged with CSC in February 2007 for allegedly assaulting FH. FH failed to appear at the May 2007 preliminary examination, and as a result, the charges against defendant were dismissed without prejudice. In May 2008, DNA results revealed that DNA in the sexual assault kit matched defendant. Officer Kimree Beckem [sic] was instructed to locate FH after the DNA results had come in; however, there is no indication that Officer Beckham could reach FH. After the charges were dismissed, FH's sexual assault kit was sealed and placed in storage. The prosecution asserted that in 2012, FH was again contacted, and she stated that she was not emotionally capable of pursuing the case at that time. In 2016, FH was again contacted, an investigation was conducted, and the prosecution refiled the charges. Defendant filed a motion arguing that his due process rights had been violated due to the prosecution's delay in charging defendant the second time. The trial court granted defendant's motion to dismiss.

*People v. Howell*, No. 340773, 2018 WL 6815968, at *1 (Mich. Ct. App. Dec. 27, 2018).

The appellate court reversed the dismissal, concluding that Petitioner failed to meet his burden of showing that he suffered actual and substantial prejudice due to

the delay and that the prosecution sought the delay to gain a tactical advantage. Specifically, Petitioner's assertions that the deaths of two potentially exculpatory witnesses, Norman Walker and Kevin Williams, caused prejudice because they were no longer able to provide testimony were insufficient. *Id*. at *2. The court noted that Petitioner did not establish what either Walker or Williams would have testified about at trial. The court further concluded that even if prejudice had been established, "there was no evidence that the delay was caused by the prosecution's attempt to gain a tactical advantage." *Id*. at *3.

On remand, Petitioner again moved for dismissal because the pre-arrest delay prejudiced his defense. The trial court denied the motion for the reasons stated by the Michigan Court of Appeals. ECF No. 15-10, PageID.335–37. Petitioner raised the issue on appeal and Michigan Court of Appeals rejected it, again, because he failed to present any change in material facts or circumstances that would permit the court to deviate from its prior decision. *Howell*, 2021 WL 2025235, at *3.

The Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law. The Due Process Clause provides a limited role in protecting criminal defendants against pre-arrest or pre-indictment delay. *See United States v. Lovasco*, 431 U.S. 783, 789 (1977). Proof of prejudice is a necessary but not sufficient element of a due process claim involving pre-indictment delay, and the inquiry must also consider the reasons for the delay.

*See id.* at 790. The Sixth Circuit has "consistently read *Lovasco* to hold that dismissal for pre-indictment delay is warranted only when the defendant shows (1) substantial prejudice to his right to a fair trial and (2) that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (cleaned up). Where the pre-indictment delay is caused merely by negligence on the part of prosecutors or police, no due process violation exists. *United States v. Rogers*, 118 F.3d 466, 476 (6th Cir. 1997); *Wolfe v. Bock*, 253 F. App'x 526, 532 (6th Cir. 2007) (no due process deprivation of right to fair trial when petitioner failed to establish that 15-year delay between murder and his arrest was for illegitimate reasons).

First, Petitioner has not demonstrated that the state appellate court unreasonably determined that he failed to show actual prejudice. Petitioner avers that had he been timely charged, Walker would have testified about observing Petitioner having consensual sex with the victim, and Williams would have testified about overhearing a conversation between the victim and her friend, in which the victim discussed blackmailing Petitioner by accusing him of sexual assault in order to extort money from him. In support, Petitioner offered a self-serving affidavit detailing their proposed testimonies. *See* Affidavit of Corey Howell in Support of Motion to Dismiss, ECF No. 15-17, PageID.1645–46. But Petitioner has not presented to this

Court or the state courts any other evidence that Walker's or William's proposed testimonies are more than speculation.

Federal courts have rejected claims of pre-indictment delay based on speculative and unsupported assertions of prejudice. *See, e.g.*, *United States v. Marion*, 404 U.S. 307, 325–26 (1971) (finding the possibility "that memories will dim, witnesses become inaccessible, and evidence be lost" is not sufficient to show prejudice from the delay); *Randle v. Jackson*, 544 F. Supp. 2d 619, 631 (E.D. Mich. 2008) (finding "a vague assertion that… witnesses have been lost… does not establish actual prejudice from a pre-charge delay"); *see also Snyder v. Grayson*, 872 F. Supp. 416, 420 (E.D. Mich. 1994) (citing *Caudill v. Jago*, 747 F.2d 1046, 1051 (6th Cir. 1984)) ("[I]t is well established that a self-serving habeas affidavit is not sufficient to establish a constitutional violation."); *Cuppett v. Duckworth*, 8 F.3d 1132, 1139 (7th Cir. 1993) ("[S]elf-serving statements by a defendant that his conviction was constitutionally infirm are insufficient[.]"). Because Petitioner fails to offer any evidence supporting the substance of Walker's and Williams's testimonies aside from his own affidavit, he cannot show actual prejudice.

Second, Petitioner has not established that the prosecution delayed his arrest to gain a tactical advantage or for some other illegitimate reason. As shown by the state-court record, the delay was mainly attributable to the prosecution's inability to locate the victim and the victim's repeated unwillingness to testify against Petitioner.

There is no record evidence suggesting that the delay was for an improper purpose. Therefore, the claim is without merit.

### C. Jury Instructions

Petitioner next argues that the trial court erred by failing to provide the jury with a lesser included instruction for CSC-III.

At trial, defense counsel requested a jury instruction for the lesser included CSC-III offense. ECF No. 15-13, PageID.933. The prosecutor argued that because the offense was time barred, Michigan law precluded the instruction unless Petitioner waived the statute of limitations defense. *Id*. at PageID.935. The trial court agreed, ruling that under *People v. Burns*, 250 Mich. App. 436, 440, 647 N.W.2d 515 (2002), Petitioner needed to waive the limitations defense to keep the lesser included instruction. ECF No. 15-15, PageID.1321–23. Petitioner refused to waive the defense. *Id*. The Michigan Court of Appeals affirmed the trial court's decision, stating that *Burns* applied, despite Petitioner's argument that *Burns* was distinguishable. *Howell*, 2021 WL 2025235, at *4–*6.

As an initial matter, Petitioner concedes that his challenge to the state courts' application of Michigan law does not entitle him to relief. ECF No. 17, PageID.2157. State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Federal courts are bound by the state courts' interpretation of their own laws. *Id*. at 690–91. The nature of a particular jury instruction that is given is a

13

matter of state law, and a federal court is not at liberty to grant a writ of habeas corpus simply because the federal court finds the state court's decision was incorrect under state law. *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003). Here, the Michigan Court of Appeals concluded that the instruction given by the trial court accurately reflected Michigan law; this Court must defer to that determination and cannot question it. *See Seymour*, 224 F.3d at 558.

To the extent Petitioner raises a federal challenge, he fails to show that the Michigan Court of Appeals' decision contravened clearly established Supreme Court precedent or federal law. The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003) (citing to *Beck v. Alabama*, 447 U.S. 625, 638, n.14 (1980)); *see also Tegeler v. Renico*, 253 F. App'x 521, 524–25 (6th Cir. 2007) (due process did not require jury instruction on lesser-included offense of voluntary manslaughter in first-degree premeditated murder case where petitioner received a non-parolable life sentence); *Jackson v. Trierweiler*, No. 2:18-cv-11384, 2021 WL 308112, at *13 (E.D. Mich. Jan. 29, 2021) ("[T]he Constitution does not require a lesser-included offense instruction in non-capital cases.") (citing *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002)).

Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). Generally, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990).

Instead, Petitioner must show that the erroneous instruction so infected the entire trial that the resulting conviction violates due process. *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977); *see also Estelle*, 502 U.S. at 75 (erroneous jury instructions may not serve as the basis for habeas relief unless they have so infused the trial with unfairness as to deny due process of law); *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (same); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). If Petitioner fails to meet this burden, he fails to show that the jury instructions were contrary to federal law. *Sanders*, 221 F.3d at 860. Petitioner does not allege that the instructional error infected the trial with unfairness and, therefore, has not met this burden.  Accordingly, he is not entitled to habeas relief on his claim that the trial court failed to give an instruction on the lesser included offense of CSC-III.

**D. Sufficiency of the Evidence**

Petitioner's fourth claim asserts that the trial court violated his due process rights by denying his motion for directed verdict. The Michigan Court of Appeals rejected this argument, concluding that the victim's testimony "was sufficient to enable the jury to find beyond a reasonable doubt that Howell committed three acts of sexual penetration under circumstances while armed with a weapon, and that Howell used force or coercion to accomplish the sexual penetration and caused personal injury." *Howell*, 2021 WL 2025235, at *5. To the extent Petitioner argued that the victim's testimony should have been discredited based on her motive to lie and inconsistent testimony, the court determined those arguments pertained to an issue of credibility that had been resolved by the jury. *Id*.

The Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law. "[D]ue process requires that the prosecution prove every element of a crime beyond a reasonable doubt." *Jones v. Hendrix*, 599 U.S. 465, 487 (2023). "In reviewing the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Berry v. Okereke*, No. 24-3071, 2024 WL 3559748, at *3 (6th Cir. June 10, 2024) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). "A reviewing court does

16

not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id.* at 788–89.

The Michigan Court of Appeals explained that "[t]o obtain a conviction… the prosecution had to prove beyond a reasonable doubt (1) that Howell engaged in sexual penetration with FH and (2) he was armed with a weapon or an article used or fashioned in a manner to lead FH to believe it was a weapon or he caused personal injury to FH and force or coercion was used to accomplish the sexual penetration." *Howell*, 2021 WL 2025235, at *5 (citing Mich. Comp. Laws § 750.520b(1)(e)–(f)) (emphasis removed).

The Court's review of the state-court record shows that both elements are met. The victim testified that while she was asleep on a friend's bed, Petitioner "yank[ed] on her pants" and woke her up. ECF No. 15-13, PageID.812. Petitioner then placed a gun to her back. *Id*. at PageID.813. The victim testified that she was scared. *Id*. at PageID.814. Petitioner then placed his penis in her vagina and "started raping [her]." *Id*. The victim testified that when the vaginal penetration stopped, "[h]e stuck his penis in [her] mouth." *Id*. at PageID.816. The vaginal penetration resumed a second time. *Id*. at PageID.817. The victim testified that when she told Petitioner that she

17

needed to urinate, he directed her to urinate in the bedroom closet and would not let her leave the room. *Id*. at PageID.821. The victim testified that Petitioner "continued to rape [her]" after urinating in the closet. *Id*. at PageID.823. She further testified that she experienced vaginal bleeding. *Id*. The victim disclosed the incident shortly after to a friend, who called 911. *Id.* at PageID.832. Then victim was taken to a hospital, evaluated, and interviewed by police. *Id*. at PageID.835–37.

Although Petitioner acknowledges the victim's testimony, he asserts that there were inconsistencies undermining the reliability of that testimony. But such problems in a witness's testimony "are irrelevant to the sufficiency of the evidence analysis because they improperly ask [the reviewing court] to weigh the evidence or to assess [the witness's] credibility." *United States v. Sanders*, 404 F.3d 980, 987 (6th Cir. 2005) (citation omitted); *see also Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (finding that "attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence") (citation omitted). The fact that the victim testified to facts that supported each element of the offense is sufficient to defeat Petitioner's claim. *See Tucker v. Palmer*, 541 F.3d 652, 658–59 (6th Cir. 2008) (collecting cases). Petitioner is not entitled to relief on this claim.

## E. Pre-Sentence Investigation Report

Lastly, Petitioner argues that his sentence was based on inaccurate statements in the pre-sentence investigation report. Specifically, Petitioner challenges his mother's statements to the probation agent describing alleged acts of sexual abuse in her home. Petitioner raises a related claim that defense counsel was ineffective for failing to request an evidentiary hearing.

At sentencing, defense counsel objected to the following statements in the pre-sentence report:

> Ms. Howell reported since [Petitioner] was convicted of another sexual crime, one of her daughters disclosed to her some incidents from when they were younger. Her daughter told her she once walked in on [Petitioner] holding a girl from behind and fondling her vagina. The girl was approximately 13 or 14, and he was around 20. Additionally, Ms. Howell reported one of her sons disclosed that [Petitioner] sexually molested him from the ages of 8 to 12. He reported it shortly before the statute of limitations ran, but no legal action was taken.

ECF No. 15-18, PageID.1864.

Defense counsel argued that Ms. Howell's statements were false and double hearsay. Counsel requested that the trial court strike the statements for being highly prejudicial. ECF No. 15-16, PageID.1450. The trial court denied the request, stating that it had "to rely on what the probation officer has found out with regard to this matter." *Id.* at PageID.1451.

The Michigan Court of Appeals denied the claim on appeal, concluding that Petitioner was not entitled to relief because (1) "he did not challenge the accuracy

of the statement in the report, i.e., that his mother made a report that her children had disclosed additional acts of sexual abuse perpetrated by [Petitioner]" and (2) the rules of hearsay do not apply at sentencing and hearsay may be included in the presentence investigation report. *Howell*, 2021 WL 2025235, at *6. The court further rejected Petitioner's ineffective assistance of counsel claim on the basis that an evidentiary hearing "could provide the prosecutor with an opportunity to elicit even more damaging information about Howell's history of inappropriate sexual conduct with minors." *Id*.

The Michigan Court of Appeals' decision was not an unreasonable application of federal law. As an initial matter, there is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen*, 156 F. Supp. 2d at 797. And to the extent that Petitioner challenges the trial court's denial of the request to strike or failure to hold a hearing under Michigan Court Rule 6.425, these are issues concerning state law that are not cognizable on habeas review. *Valdez v. Birkett*, No. 1:11cv240, 2014 WL 1338472, at *11 (W.D. Mich. Mar. 28, 2014).

More importantly, even where there is an alleged factual inaccuracy in a pre-sentence report, a court need not resolve the dispute when the information is not relied on in arriving at the sentence that was imposed. *See Warren v. Miller*, 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000). Although a criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude," *see Roberts v. United States*, 445 U.S. 552, 556 (1980), in order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 731 (E.D. Mich. 2002).

Petitioner has not met his burden. While the trial court acknowledged that it was to rely on the information provided in the pre-sentence report, it did not appear to rely on the challenged statements when imposing Petitioner's sentence. For instance, the court set forth several factors that it considered, including the facts of the offense, Petitioner's eight prior convictions—noting Petitioner's prior CSC conviction involving a minor victim—and Petitioner's status as a fourth habitual offender. ECF No. 15-16, PageID.1471–74. The judge did not mention Ms. Howell's statements to the probation agent when determining Petitioner's sentence. A habeas petitioner is not entitled to relief on his or her claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the

sentencing judge relied on this information in sentencing the petitioner. *See Draughn v. Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992).

But even assuming the court relied on the challenged statements, Petitioner has not shown that the statements were materially false. He fails to offer any evidence refuting the accuracy of the statements and merely protests that he was not charged for the alleged instances of past sexual abuse. Moreover, as acknowledged by the state appellate court, Petitioner does not challenge the accuracy of the fact that Ms. Howell provided a statement to the probation agent. For these reasons, Petitioner has not shown that he was sentenced based on "misinformation of constitutional magnitude." *Roberts*, 445 U.S. at 556.

Petitioner's related ineffective assistance of trial counsel claim also lacks merit. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the petitioner resulting in an unreliable or fundamentally unfair outcome. *Id*. at 687. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. at 689. The petitioner bears the burden of overcoming

the presumption that the challenged action might be considered sound trial strategy. *Id*. (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the petitioner is not entitled to relief if counsel's error had no effect on the judgment. *Id*. at 691.

Petitioner has not overcome the presumption that defense counsel's actions were sound trial strategy. It is reasonable to assume that a hearing on the pre-sentence report would have allowed the prosecutor to elicit more information about Petitioner's past sexual misconduct. Considering that the potential new information could further harm Petitioner, defense counsel exercised reasonable strategy by foregoing a hearing. Since Petitioner fails to show that counsel performed deficiently, the Court need not address the question of prejudice. *Strickland*, 466 U.S. at 697. Accordingly, Petitioner is not entitled to habeas relief.

## IV.   CERTIFICATE OF APPEALABILITY

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, an inmate must make a substantial showing of the denial

of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. Nor may Petitioner have leave to appeal *in forma pauperis* because such an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.    CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED**.

Dated:  November 26, 2025                              /s/Gershwin A. Drain
                                                     GERSHWIN A. DRAIN
                                                     United States District Judge